UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v-<br><br>NOEL BIDO,<br><br>Defendant. | No. 14-cr-212 (RJS) |
| NOEL BIDO,<br><br>Plaintiff,<br><br>-v-<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 19-cv-8388 (RJS)<br><br>ORDER |

RICHARD J. SULLIVAN, Circuit Judge:

Before the Court is Defendant Noel Bido's *pro se* motion for compassionate release

pursuant to the First Step Act, *see* 18 U.S.C. § 3582(c)(1)(A), in light of the COVID-19 pandemic,

and/or home confinement under the Coronavirus Aid, Relief, and Economic Security Act

("CARES Act"), *see* Pub. L. No. 116-136, § 12003(b)(2) (2020).  (ECF No. 14-cr-212, Doc. No.

1006; ECF No. 19-cv-8388, Doc. No. 11.)[1]  For the reasons discussed below, Bido's motion is

DENIED.

---

[1] Unless otherwise indicated, all record citations are to case number 14-cr-212, and references to page numbers correspond to the page numbers provided in the ECF legend atop the filing, not to the filing's own pagination.

# I.    Background[2]

As a young man, Bido joined a violent street gang called Murda Moore Gangstas.  (PSR ¶¶ 13, 15.)  While in the gang, Bido engaged in several violent crimes – including two robberies and the use of a firearm to shoot at members of a rival gang.  (*Id.* ¶¶ 27, 29.)  Following his arrest and indictment, Bido pleaded guilty, pursuant to a plea agreement with the government, to one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), and one count of using, carrying, and a possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c).  (*See* Doc. Nos. 2, 478.)

At sentencing, the Court determined that Bido's conduct resulted in a Sentencing Guidelines range of 41 to 51 months' imprisonment on the racketeering count, followed by a mandatory consecutive sentence of five years on the gun count.  (Sent'g Tr. at 9.)  The Court carefully weighed mitigating factors, such as Bido's youth and lack of family support, along with the failure of the "educational system [to] live up to its obligations" to Bido.  (*Id.* at 11, 18, 34.)  On balance, however, the Court concluded that a firm sentence was required in light of the seriousness of Bido's violent crimes, as well as the need for specific and general deterrence.  (*See id.* at 12, 35–36.)  Although the Court found that an 11-year sentence would have been appropriate to meet the objectives of sentencing set forth in 18 U.S.C. § 3553(a), the Court nevertheless credited Bido with time he had served in state prison for the same criminal conduct.  (*Id.* at 37.)  Consequently, the Court ultimately imposed a combined sentence of  90 months' imprisonment.  (*Id*. at 39.)  Bido is currently incarcerated at USP Canaan; his projected release date is January 8, 2022.  *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited Feb. 18, 2021).

---

[2] The facts, which are undisputed, are largely taken from the Presentence Report ("PSR") prepared in connection with Bido's sentencing, as well as the submissions of the parties.

On August 10, 2020, Bido filed an administrative request with the warden of his facility seeking a compassionate release; the request was denied eight days later.  (*See* Doc. No. 1006 at 9.)  Three months later, the Court received Bido's motion to reduce his sentence of imprisonment and/or impose a term of home confinement due to the risks posed by the COVID-19 pandemic and Bido's underlying health conditions, which included obesity (his body mass index is about 50.1) and high blood pressure.  (*See id.* at 1–2, 5; *see also* Doc. No. 1008 at 6.)  The government opposed Bido's requests because of the seriousness of his crimes.  (Doc. No. 1008 at 8–9.)

## II.      Analysis

A court "may not modify a term of imprisonment once it has been imposed except pursuant to statute."  *United States v. Roberts*, No. 18-cr-528 (JMF), 2020 WL 1700032, at *1 (S.D.N.Y. Apr. 8, 2020).  Section 3582(c)(1)(A) provides one such exception; it permits a court to reduce a defendant's sentence where (1) "extraordinary and compelling reasons warrant such a reduction," and (2) such relief would be consistent with both the objectives of sentencing set forth in 18 U.S.C. § 3553(a) and "applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  A prisoner can bring a motion for this compassionate release once he has satisfied certain procedural requirements not at issue in this case.  *See id.*

Here, Bido argues that the COVID-19 pandemic, combined with his underlying health problems and harsh prison conditions, merit a sentencing reduction.  But while the government does not dispute that Bido's health could provide an "extraordinary and compelling reason[]" that might justify early release (Doc. No. 1008 at 7–8), countervailing factors nevertheless compel denial of Bido's motions.  As noted above, before granting a motion for compassionate release, the Court must assess the § 3553(a) sentencing factors to determine "whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release,

particularly whether compassionate release would undermine the goals of the original sentence." *United States v. Ogarro*, No. 18-cr-373-9 (RJS), 2020 WL 5913312, at *2 (S.D.N.Y. May 13, 2020) (quoting *United States v. Ebbers*, No. 02-cr-1144 (VEC), 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020)). Those sentencing factors include (1) "the nature and circumstances of the offense," (2) "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," and (3) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a).

The § 3553 factors compel the Court to deny Bido's request for a compassionate release. Bido's crimes involved "shooting at people," engaging in "violent robberies," and conspiring with "an organization that was terrorizing a whole community." (Sent'g Tr. at 35.) As the Court noted at the time of sentencing, these serious offenses cry out for "serious penalties" (*id.* at 36), and anything less than the sentence originally imposed would undermine the objectives of sentencing identified by the Court during the original sentencing proceeding (*id.* at 12, 35–36); *see also United States v. Sanchez*, No. 08-cr-789 (RJS), 2020 WL 4742916, at *3 (S.D.N.Y. June 17, 2020). Accordingly, while the Court is encouraged to hear that Bido plans to "teach and guide [his son] in[] the right path" when Bido is released in prison (Doc. No. 1011 at 2), an early release is simply not warranted here.

This conclusion is not disturbed by Bido's allegations that the Bureau of Prisons ("BOP") has denied inmates showers, failed to provide cleaning supplies to inmates, and distributed rotten and cold food. (Doc. No. 1011 at 1.) Showers have evidently been limited due to concerns over COVID-19, but the BOP has continued to ensure that inmates have "hygiene and sanitation items," such as bars of soap, to clean themselves. (*Id.* at 3); *see also BOP Modified Operations*, https://www.bop.gov/coronavirus/covid19_status.jsp (updated November 25, 2020) (noting that

showers were limited to three per week).  While Bido claims that inmates are not provided with cleaning supplies to sanitize their cells, he does not allege that the BOP has failed to maintain clean cells.  (*See generally* Doc. No. 1011.)  And although Bido vaguely alleges that he has received inedible and cold food, he does not indicate how frequently he has received such food, whether the BOP neglected to timely replace his allegedly inedible food with fresh food, and whether he has missed any meals as a result.  (*Id.*)  The Court thus cannot conclude that these allegations tip the scales in favor of a compassionate release.

Equally unavailing is Bido's allegation that the medical staff at Canaan are not "prepared to combat . . . the virus," which Bido argues subjects him to cruel and unusual punishment in violation of the Eighth Amendment.  (Doc. No. 1006 at 6.)  For starters, Bido's claim is undercut by the undisputed fact that Canaan has – thankfully – not lost any inmates due to the virus, and that only two inmates currently have an active case of COVID-19.  *See COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited Feb. 18, 2021).  Even more importantly, the record makes clear that Bido continues to receive daily medication for his ailments and further demonstrates that Canaan has taken steps to limit movement to avoid spreading the virus.  (Doc. No. 1006 at 8–9.)  Accordingly, "the Court cannot conclude that the BOP has failed here to 'take reasonable measures to guarantee [Bido's] safety'" in violation of the Eighth Amendment.  *United States v. Zubkov*, 460 F. Supp. 3d 450, 457 n.5 (S.D.N.Y. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

The CARES Act likewise does not provide a basis for the Court to order Bido's requested relief.  Although the CARES Act and the Attorney General's April 3, 2020 memorandum authorize the BOP to permit prisoners to finish the remainder of their sentence under home confinement, this remedy is exclusively within the discretion of the BOP, meaning that the Court lacks the

authority to order home confinement.  *See* Pub. L. No. 116-136, § 12003(b)(2) (2020); 18 U.S.C. § 3624(c)(2); *United States v. Corley*, No. 18-cr-454-3 (KPF), 2021 WL 242451, at *4 n.7 (S.D.N.Y. Jan. 25, 2021); *United States v. Sanders*, No. 17-cr-456 (RA), 2020 WL 6273906, at *3 (S.D.N.Y. Oct. 26, 2020).

The Court is nevertheless free to recommend that the BOP consider Bido for immediate transfer to home confinement.  *United States v. Engleson*, No. 13-cr-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020).  And given Bido's health conditions, the relative proximity of his projected release date, and the ongoing pandemic, the Court respectfully recommends that the BOP promptly consider placing Bido in home confinement pursuant to 18 U.S.C. § 3624(c)(2), the CARES Act, and the Attorney General's April 3, 2020 memorandum. *See Engleson*, 2020 WL 1821797, at *1.

### III.    Conclusion

For the reasons set forth above, Bido's motion is DENIED.  The Clerk of Court is respectfully directed to mail Bido a copy of this order and terminate the open entries pending at document number 1006, case number 14-cr-212, and at document number 11, case number 19-cv-8388, and the government is directed to serve this order on the warden of Bido's facility and to the Regional Counsel of the BOP.[3]

SO ORDERED.

Dated:      February 18, 2021
            New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

---

[3] To the extent Bido also seeks the appointment of counsel to assist him in filing a motion for compassionate release (*see* Doc. No. 1012), his request is mooted by the denial of his compassionate release motion.